# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE  DIVISION

ALBERT TRACY HARREL                    CIVIL ACTION NO. 3:17-cv-0794

VS.                                    SECTION P

                                       JUDGE ROBERT G. JAMES

8TH JUDICIAL DISTRICT COURT, ET AL     MAGISTRATE JUDGE HAYES

## MEMORANDUM ORDER

*Pro se* plaintiff Albert Tracy Harrell, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 20, 2017.  Plaintiff is incarcerated at the Jackson Parish Correctional Center Phase II, in Jonesboro, Louisiana.  He complains that he remains wrongfully incarcerated.  He sues the State of Louisiana, the 8th Judicial District Court, Cranford Jordan, Andy Brown and the  Jackson Parish Correctional Center .  He seeks compensatory damages and a restraining order against all law enforcement.  This complaint has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Amend Order*

#### 1. *Rule 8 Considerations*

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by <u>each person </u>who is named as a defendant.  This conclusion must be supported by specific factual allegations stating the following:

> (1)  the <u>name(s) of **each** person  who allegedly violated plaintiff's constitutional rights;</u>

(2)  a description of what actually occurred or what **each** defendant did to violate plaintiff's rights;

(3)  the place and date(s) that **each** event occurred; and

(4)  a description of the alleged injury sustained as a result of the alleged violation.

Plaintiff should amend his complaint to provide the information required by Rule 8 with respect to EACH plaintiff.

## 2.  Defendants

### A.  Supervisory Officials

Plaintiff names Winn Parish Sheriff Cranford Jordan and Jackson Parish Sheriff Andy Brown as defendants.  "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983).

To the extent that plaintiff seeks to name Sheriffs Jordan and Brown as defendants, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by each defendant.

### B.  Jackson Parish Correctional Center

Fed.R.Civ.P. Rule 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the JPCC has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. The JPCC is not a juridical person and this defendant should be dismissed.

### C.  8th Judicial District Court

Plaintiffs' claims against the judges of the Eighth Judicial District Court[1] arise out of the performance of these defendants' judicial duties.  Judges have absolute immunity for acts done within the scope of their jurisdiction.  *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).  The Fifth Circuit has delineated three elements to identify acts as being judicial in nature, and thus not in the clear absence of all jurisdiction: "(1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3) centered around a case pending before the judge." Eitel v. Holland, 787 F.2d 995, 998 (5th Cir. 1986). These factors are construed liberally in favor of immunity. Adams v. McIlhany, 764 F.2d 294, 297 (5th Cir. 1985).  Plaintiff should amend to allege facts that establish that the judges' actions occurred outside of normal judicial functions, outside of either  their chambers or the court, or dismiss these defendants.

---

[1]For the purposes of this Report, it is assumed that plaintiffs' suit against the Eighth Judicial District Court is a suit against each individual judge of the District and not the Court as an entity. Of course, the "8th Judicial District Court" is not a juridical person or entity capable of being sued. *Moity v. Louisiana State Bar Association*, 414 F.Supp. 180, 182 (E.D.La.) ("state courts are not considered 'persons' within the meaning of § 1983"), aff'd, 537 F.2d 1141 (5th Cir.1976).

### D. *State of Louisiana*

Plaintiff names the State of Louisiana as a defendant herein. However, the state is not a "person" within the meaning of 42 U.S.C. § 1983. *Stotter v. University of Texas at San Antonio,* 508 F.3d 812, 821 (5th Cir.2007); *Will v. Michigan State Dep't of Police*, 491 U.S. 58, 71 (1981). Furthermore, any § 1983 claim against the state is also barred by the Eleventh Amendment. U.S. Const. amend. XI; *Rodriguez v. Texas Commission on the Arts*, 199 F.3d 279, 280 (5th Cir.2000) ("Citizens may not bring suit against a state or any instrumentality thereof without the state's consent. The Eleventh Amendment also bars lawsuits against a state agency if the agency is so closely connected to the state that the state itself is the party in interest. *See Vogt v. Board of Comm'rs of the Orleans Levee District*, 294 F.3d 684 (5th Cir.2002). Plaintiff should dismiss this defendant.

### 3. *Heck v. Humphrey* and *Wallace v. Kato* considerations

Plaintiff contests the legality of his imprisonment. He claims that there has been no answer to his Affidavit of Denial of Corporate Existence filed in the 8th Judicial District Clerk of Court.

It is presumed that plaintiff is a pre-trial detainee and that the complained of prosecution is on-going. However, plaintiff should amend to clarify whether there has been an adjudication of the criminal charges that comprise the basis of this complaint. Of course, if plaintiff is ultimately convicted of these now pending charges, he may not be entitled to seek damages for the wrongful arrest, imprisonment, and prosecution until such time as the conviction in question has been declared invalid. See *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which held:

> ... in order to recover damages for allegedly unconstitutional ... imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a

4

> federal court's issuance of writ of *habeas corpus*, 28 U.S.C. § 2254...
>
> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, at 486-487.

*Heck* prohibits the use of § 1983 complaints as a means of collaterally attacking outstanding state convictions.

On the other hand, if the criminal prosecution remains pending, *Heck* would not apply at this time. See *Wallace v. Kato*, 549 U.S. 384 (2007) (The *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges.) However, federal courts have been authorized to stay civil rights claims attacking the legality of a detainee's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court ... to stay the civil action until the criminal case ... is ended.")

It is uncertain whether or not this case is governed by *Heck* or *Wallace*. Plaintiff should amend his complaint to provide information concerning the pending charges and whether those specific charges are still pending. He should provide a copy of the arrest report, if available, and any Bill of Information charging him with the offenses for which he remains incarcerated. He should provide, if available, court minutes to establish whether any probable cause determinations were made with respect tot the arrest of which he complains. If he does not have access to documentation,

5

he should provide the Court with any information regarding a probable cause hearing following his arrest.  Finally, he should provide information concerning future court proceedings relative to the pending charges.

**4.     *Restraining Order***

Finally**,** plaintiff seeks a restraining order against all law enforcement.  A party seeking a temporary restraining order or preliminary injunction must establish the following elements: (1) there is a substantial likelihood the party will prevail on the merits; (2) a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendants; and (4) the granting of the preliminary injunction will not disserve the public interest.  *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*; 335 F.3d 357, 363 (5th Cir.2003); *Affiliated Professional Home Health Care Agency v. Shlala*, 164 F.3d 282, 285 (5th Cir. 1999).  Relief should be granted only if the party seeking relief has clearly carried the burden of persuasion as to all four elements.  *Karaha Bodas Co.*, 335 F.3d at 363.  Injunctive relief is an extraordinary remedy which requires the applicant to unequivocally show the need for its issuance.  *See Valley v. Rapides Parish School Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997).

Plaintiff cannot prevail because he has not demonstrated a substantial threat of irreparable injury.  Further, plaintiff has not yet shown a substantial likelihood of success on the merits.  His pleadings at present fail to state other than various conclusory claims for relief and he has been directed to amend.

### *Order*

Before this court determines the proper disposition of plaintiff's claims, plaintiff should be

given the opportunity to remedy the deficiencies of his complaint.  *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).   Accordingly:

**IT IS ORDERED**  that plaintiff amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies  as outlined above, and alternatively, dismiss those claims or defendants plaintiff is unable to cure through amendment.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3W.**

In Chambers, Monroe, Louisiana, September 20, 2017.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**